**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

**MARK H. CONNER**
**JUDGE**

**1 The Circle, Suite 2**
**Georgetown, DE 19947**
**Telephone (302) 856-5256**

March 4, 2025

Anthony Hill, Deputy Attorney General
Department of Justice
Carvel State Office Building
820 N. French St.
Wilmington, DE  19801

Monika Germono, Esquire
Office of Defense Services
14 The Circle
Georgetown, DE  19947

RE:   State v. Jesus Sandoval-Becerra
        ID No. 2406001772

Submitted:  February 28, 2025
Decided:  March 3, 2025

Dear Counsel:

On November 12, 2024, the State filed a Motion to Restore Competency.  In response to the motion, the Defendant requested a hearing pursuant to 11 *Del. C.* § 404(a) to determine if the State can make a *prima facie* case against the Defendant.  After a hearing on February 10, 2025, and a post hearing submission by the State, the Court finds that the State met its burden.

Section 404(a) of Title 11 permits the Defendant to request a hearing to determine if there is sufficient evidence to constitute a *prima facie* case before the

Defendant is ordered to be committed for competency restoration at the Delaware Psychiatric Center. "A *prima facie* case is established if there is a fair likelihood that the defendant will be convicted."[1] This decision is made with the assumption "that the evidence introduced at the hearing is unrebutted by the [defendant] at trial."[2]

The alleged victim, with a date of birth September 16, 2007, reported the Defendant exposed himself and made sexual solicitations at two different times. The first report occurred in 2021. In 2021, it was reported that the Defendant exposed himself and made sexual solicitations on three occasions when she was approximately seven or eight years old. The first report involved an incident on the porch of the family home. The second report involved an incident in a car. The third report involved an incident in the den of the family home. The Defendant was identified as "Mono". An arrest was not made in 2021 because "Mono"'s identity could not be established and that "Mono" possibly moved to Ohio.

In 2024, the alleged victim made a similar report to the Division of Family Services. The Delaware State Police again interviewed the alleged victim who described the same three incidents which also included being shown pornography from the Defendant. Detective O'Neil was able to identify "Mono" as the Defendant and arrested him on June 6, 2024.

After hearing the evidence, the Court had some questions regarding the evidence presented and some of the indicted charges. In a letter dated February 21,

2025, the State represented that it will be entering a *nolle prosequi* on Courts 5 and 6 of the indictment.

The Court finds that the State has established a *prima facie* case against the Defendant as to Counts one through four of the indictment. The Court has reviewed the report of Dr. Alexander Gould who was retained by the Defendant. It is clear to the Court that the Defendant is not competent. However, Dr. Gould opines his competency can be restored. Therefore, the State's Motion to Restore Competency is **GRANTED**. A separate Order will be sent to the Department of Corrections and the Delaware Psychiatric Center arranging the transfer of the Defendant until he is deemed competent to stand trial.

**IT IS SO ORDERED.**

*/s/ Mark H. Conner*

Mark H. Conner, Judge

MHC/aml

oc:   Prothonotary

---

[1] *State v. Moore*, 2003 WL 23274842 at *1, (Del. Super. December 31, 2003).
[2] *State v. Harper*, 2014 WL 1303012 at *5, (Del. Super. March 31, 2014).